UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

GUALBERTO MORALES,                                              :

                                    Plaintiff,                 :            14CV9276(JPO)(HBP)

                                                               :       AMENDED COMPLAINT AND
            - against -                                        :        DEMAND FOR JURY TRIAL

                                                               :             ECF CASE

THE CITY OF NEW YORK, JOHN STOLTENBORG,        :
and MIGUEL SANCHEZ, in Their Individual Capacities  :
and in  Their Official Capacities,                             :

                                                               :

                                    Defendants                 :

-------------------------------------------------------------------x

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the

defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Gualberto Morales by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the

Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

2. Plaintiff Gualberto Morales is a citizen of the United States who was lawfully present

on Woodycrest Avenue, Bronx, New York on March 11, 2012, when he was arrested by defendants

John Stoltenborg and Miguel Sanchez on false criminal charges of Criminal Possession of a Weapon

in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Possession of

Ammunition, and Unlawful Possession of Marijuana, transported to the 44th Precinct, where he was

subjected to a strip search and a body cavity search, and subsequently transported to Bronx Central

Booking, where he was imprisoned until his arraignment on March 12, 2012, when he was released

on his own recognizance, and prosecuted on the false criminal charges.  On March 11, 2013, the

charges against the plaintiff were dismissed.

3.  The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Gualberto Morales' constitutional and civil rights.

5.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Johns Stoltenborg and Miguel Sanchez can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6.  Plaintiff Gualberto Morales is a citizen of the Untied States who, at all times relevant herein, resided in the County of Bronx, City and State of New York.

7.  Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8.  At all times relevant herein, defendant The City of New York maintained a police department.

9.  Defendant John Stoltenborg is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10.  At all times relevant herein, defendant John Stoltenborg was acting within the scope of his employment by defendant The City of New York.

11. Defendant Miguel Sanchez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Miguel Sanchez was acting within the scope of his employment by defendant The City of New York.

## STATEMENT OF CLAIMS

13. Plaintiff incorporates by reference paragraphs 1 through 12 of this complaint as though the same were set forth fully herein.

14. On March 11, 2012, plaintiff Gualberto Morales was lawfully present on Woodycrest Avenue, between 164th Street and 165th Street, in the Bronx, New York.

15. On March 11, 2012, on Woodycrest Avenue, between 164th Street and 165th Street, Bronx, New York, defendants John Stoltenborg and Miguel Sanchez arrested plaintiff Gualberto Morales on false criminal charges of Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Possession of Ammunition, and Unlawful Possession of Marijuana.

16. Plaintiff Gualberto Morales was not in possession of any weapon, ammunition or marijuana.

17. Defendants John Stoltenborg and Miguel Sanchez lacked a warrant or other legal process authorizing the arrest of plaintiff Gualberto Morales.

18. Defendants John Stoltenborg and Miguel Sanchez transported plaintiff Gualberto Morales to the 44th Precinct, where the plaintiff was imprisoned for a period of time.

19. At the 44th Precinct, plaintiff Gualberto Morales was required to remove his clothing and to bend over and cough while one of the police officers conducted a cavity search.

20. Plaintiff Gualberto Morales was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

21. Upon information and belief, on March 11, 2012, defendant John Stoltenborg falsely informed an assistant district attorney in the office of the Bronx County District Attorney that he observed plaintiff Gualberto Morales to have in his custody and control a .45 caliber Glock semi-automatic pistol loaded with ten .45 caliber rounds.

22. Upon information and belief, on March 11, 2012, defendant John Stoltenborg falsely informed an assistant district attorney in the office of the Bronx County District Attorney that he observed a plastic bag containing marijuana fall to the floor from plaintiff Gualberto Morales' underwear.

23. On March 11, 2012, defendant John Stoltenborg instituted a criminal proceeding against plaintiff Gualberto Morales in Bronx Supreme Court, Criminal Division, under docket No. 2012BX015244, accusing the plaintiff of the crimes of Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree and Possession of Ammunition, and the violation of Unlawful Possession of Marijuana.

24. On May 12, 2012, plaintiff Gualberto Morales was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

25. During the pendency of the criminal charges, plaintiff Gualberto Morales was required to provide a saliva sample for DNA analysis for comparison with DNA recovered from the Glock semi-automatic pistol he was accused of possessing.

26. Upon information and belief, DNA analysis confirmed that plaintiff Gualberto Morales had not been in possession of the Glock semi-automatic pistol.

27. On March 11, 2013, the criminal charges brought against plaintiff Gualberto Morales were dismissed.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though the same were set forth fully herein.

29. The seizure, arrest and imprisonment of plaintiff Gualberto Morales on March 11, 2012, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

30. The charges upon which defendants John Stoltenborg and Miguel Sanchez arrested plaintiff Gualberto Morales were false.

31. The charges were made by defendants John Stoltenborg and Miguel Sanchez- against plaintiff Gualberto Morales with knowledge that they were false.

32. Plaintiff Gualberto Morales was aware of his seizure, arrest and imprisonment by defendants John Stoltenborg and Miguel Sanchez.

33. Plaintiff Gualberto Morales did not consent to his seizure, arrest or imprisonment.

34. As a result of the foregoing, plaintiff Gualberto Morales was deprived of his liberty, was imprisoned, and suffered emotional and physical distress, embarrassment and humiliation.

35. The seizure, arrest and imprisonment of plaintiff Gualberto Morales on March 11, 2012, deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

36. Defendants John Stoltenborg and Miguel Sanchez were acting under color of state law when they seized, arrested and imprisoned plaintiff Gualberto Morales.

37. Defendants John Stoltenborg and Miguel Sanchez deprived plaintiff Gualberto Morales of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment, and not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Gualberto Morales on false criminal charges.

**COUNT TWO**
**STRIP AND BODY CAVITY SEARCH UNDER 42 U.S.C. §1983**

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this complaint as though the same were set forth fully herein.

39. The strip search and body cavity search of plaintiff Gualberto Morales conducted at the 44th Precinct deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

40. As a result of the strip search and body cavity search to which he was subjected, plaintiff Gualberto Morales suffered physical and emotional distress, embarrassment and humiliation.

41. Defendants John Stoltenborg and Miguel Sanchez were acting under color of state law when they subjected plaintiff Gualberto Morales to a strip search and a body cavity search at the 44th Precinct.

42.   Defendants John Stoltenborg and Miguel Sanchez deprived plaintiff Gualberto Morales of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Gualberto Morales to a strip search and a body cavity search at the 44th Precinct.

## COUNT THREE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

43.   Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44.   The criminal charges brought by defendant John Stoltenborg against plaintiff Gualberto Morales in Bronx Supreme Court, Criminal Division, were false.

45.   Defendant John Stoltenborg instituted the criminal proceeding against plaintiff Gualberto Morales with knowledge that the charges were false.

46.   Defendant John Stoltenborg instituted the criminal proceeding against plaintiff Gualberto Morales without probable cause to believe that plaintiff Gualberto Morales had committed the crimes charged.

47.   Defendant John Stoltenborg was acting with malice when he commenced the criminal proceeding against plaintiff Gualberto Morales.

48.   The criminal proceeding instituted by defendant John Stoltenborg against plaintiff Gualberto Morales was terminated in plaintiff Gualberto Morales' favor.

49.   Defendant John Stoltenborg was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that he

observed plaintiff Gualberto Morales to have in his custody and control a .45 caliber Glock semi-automatic pistol loaded with ten .45 caliber rounds.

50. Defendant John Stoltenborg was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that he observed a plastic bag containing marijuana fall to the floor from plaintiff Gualberto Morales' underwear.         .

51. Defendant John Stoltenborg was acting under color of state law when he commenced a criminal proceeding against plaintiff Gualberto Morales in Bronx Supreme Court, Criminal Division.

52. Defendant John Stoltenborg deprived plaintiff Gualberto Morales of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against the plaintiff on false criminal charges

53. Defendant John Stoltenborg deprived plaintiff Gualberto Morales of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Gualberto Morales on false charges.

54. As a result of the criminal proceeding instituted by defendant John Stoltenborg, plaintiff Gualberto Morales was suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

55.  Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though the same were set forth fully herein.

56.  The acts complained of were carried out by defendants John Stoltenborg and Miguel Sanchez in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

57.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

58.  The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a)  Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b)  Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c)  Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d)  Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

59. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

60. The arrest and imprisonment of plaintiff Gualberto Morales on March 11, 2012 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

61. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

62. Defendant The City of New York deprived plaintiff Gualberto Morales of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

63. Plaintiffs incorporate by reference paragraphs 1 through 62 of this Complaint as though the same were set forth fully herein.

64. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip and visual cavity searches of persons under arrest in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

65. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip searches and visual cavity searches of persons under arrest despite the absence of a factual basis for a reasonable suspicion to believe that the persons had evidence concealed beneath clothing or within a body cavity.

66. The aforesaid custom, policy, and practice of defendant The City of New York includes, but is not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals could be subjected to strip searches or visual cavity searches;

(b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the processing of arrested individuals;

(c) Defendant The City of New York failed properly to supervise police officers during the processing of arrests to ensure that strip searches and visual cavity searches were not performed where no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed beneath clothing or in a body cavity;

(d) Defendant The City of New York failed to discipline police officers for performing strip searches or visual cavity searches under circumstances in which no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed beneath clothing or in a body cavity.

67. The strip and visual cavity search to which plaintiff Gualberto Morales was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for strip searches and visual cavity searches.

68.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches and visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence concealed beneath clothing or within a body cavity.

69.   Defendant The City of New York deprived plaintiff Gualberto Morales of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing strip searches and visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence concealed beneath clothing or within a body cavity.

**COUNT SIX**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

70.   Plaintiff incorporates by reference paragraphs 1 through 69 of this Complaint as though the same were set forth fully herein.

71.   Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants John Stoltenborg and Miguel Sanchez are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

72.   Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

73.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

74.  Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

75.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Gualberto Morales would be violated.

76.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Gualberto Morales.

77.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

78.  Defendant The City of New York deprived plaintiff Gualberto Morales of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial

action to prevent further violations of the civil rights of members of the public, which resulted in the arrest, strip and cavity search, and prosecution of plaintiff Gualberto Morales on March 11, 2012.

79.  The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Court grant the following relief:

A.  Award plaintiff Gualberto Morales compensatory damages to be determined by the jury at the time of trial;

B.  Award plaintiff Gualberto Morales  punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
          March 20, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By:_____
          Steven D. Michelstein (SM3323)
          Attorneys for Plaintiff
          485 Madison Avenue
          New York, New York 10022
          malaw485@yahoo.com
          (212) 588-0880